UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

In re:                                }
                                      }
**DAVID WAYNE CHRISTENSEN,**          }     Case No. 08-41823-JJR-7
                                      }
                        Debtor.       }

## OPINION AND ORDER

This closed chapter 7 case is again before the Court on the Debtor's Motion to Reopen (Doc. 36 and herein, the "Motion to Reopen"); the Debtor seeks to reopen his case so he may amend his schedules by adding Greg and Beth Lane (the "Lanes") as creditors. The Lanes oppose the Debtor's Motion to Reopen (Doc. 43). The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the General Order of Reference, as amended, entered by the United States District Court for the Northern District of Alabama. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); therefore, the Court has authority to enter a final order.

The facts pertinent to whether this case should be reopened are not in dispute, and for the most part are taken from the Court's file, the Motion to Reopen, and the parties' submissions, including the affidavit of Greg Lane (Doc. 43-1), the Case Action Summary (Doc. 43-2), and the Application, Affidavit, and Entry of Default (Doc. 43-3)—the later two submissions being records from the Calhoun County, Alabama Circuit Court (the "Circuit Court") filed in Civil Action CV2009-334 (hereafter defined as the 2009 Action).

On October 5, 2005 the Lanes filed a lawsuit in Circuit Court against the Debtor (the "2005 Action"). The lawsuit grew out of a dispute between the Lanes and the Debtor with regards to a construction contract whereby the Debtor was to make extensive improvements to the Lanes' home.

On March 14, 2008 the 2005 Action was dismissed because the Lanes' attorney failed to appear at a court hearing.[1] Thereafter, on August 26, 2008, the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code[2] and on December 24, 2008 received a discharge pursuant Code § 727. The Lanes were not scheduled or listed as creditors by the Debtor in his bankruptcy case, and he did not include their names and address on the matrix for notices.

On August 24, 2009, the Lanes again sued the Debtor in Circuit Court (the "2009 Action), apparently based on the same claims asserted in the dismissed 2005 Action. According to the Application, Affidavit, and Entry of Default filed in the 2009 Action, the Debtor was served in that action with a summons and copy of the complaint, but failed to timely answer or otherwise defend. Thus, the Lanes' attorney requested entry of a default judgment which was granted on July 14, 2010 by the Circuit Court in the amount of $47,300 plus costs (the "Default Judgment"). The Debtor now seeks to reopen his bankruptcy case "so that the debt [owing to the Lanes] may be properly scheduled, filed, and a discharge entered."[3]

Code § 350(b) provides that a "case may be reopened . . . to administer assets, to accord relief to the debtor, or for other cause." The relief the Debtor is looking for by way of reopening his case is not merely adding the Lanes to his schedules; he wants their claims discharged—claims that are now evidenced by the $47,300 Default Judgment. Whether or not to grant a debtor's request to reopen a previously closed case is left to the sound discretion of the bankruptcy court. *In re*

---

[1]The attorney who represented the Lanes in the 2005 Action is no longer their counsel, and a different attorney represents them in the 2009 Action and in opposing the Motion to Reopen.

[2]11 U.S.C. § 101 *et seq*, and herein the "Code."

[3]Prayer for relief, Motion to Reopen.

2

*Humar*, 163 B.R. 296 (Bankr. N.D. Ohio 1993); *(Kozman v. Herzig) In re Herzig*, 96 B.R. 264 (9th Cir. BAP 1989).

The parties have been litigating in Circuit Court since the 2005 Action was filed, and although the 2005 Action was involuntarily dismissed before the Debtor filed his bankruptcy case, there is no apparent reason why the Debtor failed to schedule the Lanes in his bankruptcy case—unless, of course, his intention was to keep them from learning of his bankruptcy until after he received a discharge, or perhaps he believed the dismissal of the 2005 Action barred their claims. And there is no apparent explanation for the Debtor's failure to raise his bankruptcy discharge as a defense when he was served in the 2009 Action—he elected to do nothing and suffered the entry of the Default Judgment.

The Debtor filed his Motion to Reopen less than six months after entry of the Default Judgment. He did not first attempt to have the Default Judgment set aside by demonstrating to the Circuit Court that he had potentially meritorious defenses to the Lanes' claims, including discharge of those claims in bankruptcy. Rather, after having received a discharge approximately two years ago, the Debtor has chosen to return to this Bankruptcy Court for relief from the Default Judgment.

Pursuant to Code § 727, the Debtor was granted a general discharge of all his prepetition debts.[4] Nonetheless, Code § 523(a) carves-out exceptions to discharge for certain types of debts. Under the facts in this case, Code § 523(a)(3) has particular importance to both the Debtor and the Lanes. That section reads:

> (a) A discharge under section 727 . . . does not discharge an individual debtor from any debt –
> . . .

---

[4] See Code § 727(a),(b).

Case 08-41823-JJR7    Doc 54    Filed 02/18/11    Entered 02/18/11 13:06:10    Desc Main
Document      Page 3 of 9

> (3) neither listed nor scheduled under section 521(a) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit –
> > (A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or
> > (B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request[.]

The Debtor readily admits he failed to schedule the Lanes as creditors;[5] however, for the purposes of § 523(a)(3)(A), that failure did not necessarily except the Lanes' claims from discharge even if they otherwise did not gain knowledge of the Debtor's bankruptcy in time to timely file a proof of claim. The Debtor's case was a "no asset" chapter 7 case—there were no assets for the trustee to administer, liquidate and distribute to creditors—and no deadline was ever set for creditors to file their proofs of claim. The notice sent to creditors advising them of the Debtor's case specifically ask that they "not file a proof of claim unless you receive a notice to do so." (Doc. 4). Thus, although the Lanes were not listed in the Debtor's case, and even assuming they had no independent notice or knowledge of the case, they were not prejudiced as a result of not receiving notice before the deadline for filing proofs of claim—there never was a such a deadline. *Judd v. Wolfe*, 78 F.3d 110 (3d Cir. 1996); *Stone v. Caplan (In re Stone),* 10 F.3d 285, 291 n.13 (5th Cir. 1994)("[I]f no proof-of-claim deadline has ever been set, § 523(a)(3)(A), by its own terms, is inapplicable."). In an opinion affirming a bankruptcy court's refusal to reopen a closed chapter 7 case, the Ninth Circuit stated:

---

[5]A review of the schedules also confirms the Lanes were omitted.

> Based on the assumption that amendment was necessary to discharge the debt, [the debtor] sought to add an omitted debt to his schedules. [The debtor's case], however, was a no asset, no bar date Chapter 7 case. After such a case has been closed, dischargeability is unaffected by scheduling; amendment of [the debtor's] schedules would thus have been a pointless exercise. . . . If the omitted debt is of a type covered by 11 U.S.C. § 523(a)(3)(A), it has already been discharged pursuant to 11 U.S.C. § 727. If the debt is of a type covered by 11 U.S.C. § 523(a)(3)(B), it has not been discharged, and is non-dischargeable.

*Beezley v. California Land Title Co. (In re Beezley),* 994 F.2d 1433, 1434 (9th Cir. 1993) (citations omitted).

From the Court's own file and the submissions of the parties, the Court is able to conclude that subparagraph (A) of § 523(a)(3) did not except the Lanes' claims from discharged—there were no assets and there was no claims bar date in the Debtor's case. Thus, to the extent the Motion to Reopen seeks relief under subparagraph (A) it is due to be denied—no relief can be afforded to the Debtor under that subparagraph. But what about subparagraph (B)?

For a debt to be excepted from discharge under subparagraph (B) it must be of a kind described in Code § 523(a)(2),(4) or (6)—generally speaking, a debt that arose from a debtor's fraud, misconduct as a fiduciary, embezzlement or larceny, or willful and malicious conduct that injures another person or his property (each an "Intentional Misdeed"). Like subparagraph (A), the debt must have been omitted from the debtor's schedules, and the creditor to whom the debt is owed must not have received independent notice or knowledge of the bankruptcy in time to timely file a proof of claim, *and* in time to timely request determination of the dischargeability of such debt.[6]

---

[6] Clause (6) of Bankruptcy Rule 7001 provides that "a proceeding to determine the dischargeability of a debt" is an adversary proceeding governed by Part VII of the Federal Rules of Bankruptcy Procedure. Bankruptcy Rule 4007, which is captioned "Determination of Dischargeability of a Debt," states in paragraph (e) that "[a] proceeding commenced by a complaint filed under this rule is governed by Part VII of these rules."

Recall, there never was a deadline for creditors to file proofs of claim, so the only issue with respect to when the Lanes received knowledge of the bankruptcy pertains to their having time to beat the deadline for filing a request—that is, an adversary proceeding—for the determination of dischargeability of their debts.

An adversary proceeding to determine the dischargeability of a debt is governed by Code § 523(c) and Rule 4007 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"). In pertinent part, § 523(c)(1) provides: "*[e]xcept as provided in subsection (a)(3)(B)* of this section, the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), or (6) . . . unless, on request of the creditor to whom such debt is owed . . . the court determines such debt to be excepted from discharge . . . ." Bankruptcy Rule 4007(c) requires that "a complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)." That 60-day deadline in the Debtor's case expired December 1, 2008. However, Bankruptcy Rule 4007(b) states that a complaint to obtain a determination of the dischargeability of a debt, "*other than under § 523(c)* may be filed at any time."[7] Thus, unless the Lanes gained independent knowledge of the Debtor's bankruptcy in time for them to file an adversary proceeding by December 1, 2008, if the debt owing to them arose from an Intentional Misdeed of the Debtor, it was not discharged and the time to file a complaint to obtain a determination of dischargeability has not expired.

The above analysis leaves three unresolved issues, the first two being obvious: Did the Lanes' claims arise from the Debtor's Intentional Misdeed? And if so, did the Lanes have notice

---

[7] Bankruptcy Rule 4007(b) also provides that "[a] case may be reopened without payment of an additional filing fee for the purpose of filing a complaint to obtain a determination [of dischargeability] under this rule."

6

or knowledge of the Debtor's bankruptcy in time for them to have sought a timely determination of the dischargeability of their claims? If the former is ultimately resolved in the affirmative, and the latter in the negative, then the claims were excepted from discharge under Code § 523(a)(3)(B). The third issue is perhaps not so obvious: Which court, this Bankruptcy Court or the Circuit Court, has jurisdiction to adjudicate the first two issues?

If the Lanes had been properly scheduled as creditors, received timely notice of the bankruptcy, and timely filed an adversary proceeding for a determination of the dischargeability of their claims as required by Code § 523(c)(1) and Bankruptcy Rule 4007(c), the Bankruptcy Court would have had exclusive jurisdiction to determine dischargeability of those claims. Code § 523(c)(1) states a debt of a kind specified in paragraph (2), (4), or (6) is discharged, "unless, on the request of the creditor to whom such debt is owed, and after notice and a hearing, the *court* determines such debt to be excepted from discharge . . . ." The "court" mentioned in § 523(c)(1) is the bankruptcy court which, in determining the dischargeability of a particular debt, would be adjudicating a core proceeding under 28 U.S.C. § 157(b)(2)(I).[8] However, there is no similar exclusivity of bankruptcy court jurisdiction for adjudication of discharge issues under Code § 523(a)(3). When a debtor fails to comply with Code § 521 and Bankruptcy Rule 1007 by omitting from his schedules the debts owing to one or more of his creditors, determination of the dischargeability of those debts is governed by Code § 523(a)(3) not § 523(c)(1); a determination of dischargeability under § 523(a)(3) may be made by state courts as well as bankruptcy courts—those

---

[8]Other than with respect to those debts specified in paragraphs (2), (4), or (6), of § 523(a), bankruptcy courts do not have exclusive jurisdiction to determine whether debts should be excepted from discharge under § 523(a). For example the nondischargeability of domestic support obligations is frequently determined by state courts.

7

courts have concurrent jurisdiction under § 523(a)(3). *In re Massa,* 217 B.R. 412 (Bankr. W.D.N.Y. 1998); *Fidelity National Title Ins. Co. v. Franklin (In re Franklin),* 179 B.R. 913 (Bankr. E.D. Cal. 1995). The *Massa* court stated the proposition succinctly:

> Furthermore, when such a Fraud Debt is not scheduled, not only can a determination of nondischargeability flowing from Section 523(a)(3)(B) be made by the bankruptcy court, it can also be made by an appropriate state court which has concurrent jurisdiction to make such a Section 523(a)(3)(B) determination.

*Massa*, 217 B.R. at 419.

Although the parties' submissions regarding the 2009 Action confirm a Default Judgment was entered against the Debtor, this Court cannot determined whether or not the Circuit Court made any ruling on the dischargeability of the Lanes' debts under Code § 523(a)(3)(B) or otherwise. In all likelihood it did not, and if either the Debtor or the Lanes intend for this Bankruptcy Court to determine the issue of dischargeability,[9] that determination must be made in an adversary proceeding pursuant to Bankruptcy Rules 4007 and 7001, not by motion. Moreover, if the Circuit Court has already ruled on dischargeability under Code § 523(a)(3)(B), this Bankruptcy Court cannot review that ruling for correctness. *Massa,* 217 B.R. at 421.

In summary, the Court finds that the Motion to Reopen is due to be denied because: (1) unless the Lanes' claims fall under Code § 523(a)(3)(B), such claims were previously discharge under Code § 727, and no additional relief can be afforded to the Debtor by granting his motion;[10] and (2) if the Lanes' claims in fact fall under Code § 523(a)(3)(B), then the Motion to Reopen is

---

[9] Bankruptcy Rule 4007(a) states that "[a] debtor or any creditor may file a complaint to obtain a determination of the dischargeability of any debt."

[10] *E.g., In re King*, Case No. 02-00530-TOM-7, Doc. 20 (Bankr. N.D. Ala. March 17, 2005) (Mitchell, J.).

8

procedurally deficient—the adjudication in bankruptcy court of the dischargeability of a debt must be sought via an adversary proceeding as required by Bankruptcy Rules 4007(e) and 7001, not by motion.[11]

For the foregoing reasons, it is hereby ORDERED, that the Debtor's Motion to Reopen Chapter 7 Case (Doc. 36) is DENIED.

Dated: February 18, 2011

/s/ James J. Robinson
JAMES J. ROBINSON
United States Bankruptcy Judge

---

[11] If either the Debtor or the Lanes file an adversary proceeding in this Court and request a determination of dischargeability of the debt owing to the Lanes, an issue not discussed in this opinion will need to be addressed: Should this Bankruptcy Court abstain from making that determination due to the Debtor's dilatory conduct—first he failed to schedule the Lanes' debt and second he failed to defend the 2009 Action? A good argument can be made that because the debt is now evidenced by the Default Judgment entered by the Circuit Court, that court is better situated to make the determination of dischargeability.

9